**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 20-CV-22422-SMITH/Louis
CASE NO. 1:18-CR-20599-SMITH

BARRY P. MEZEY,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** comes before the Court upon Movant Barry P. Mezey's Motion to Vacate Sentence (ECF No. 1) and Motion for Injunctive Release by Federal Judgment (ECF No. 12). This matter has been referred to the undersigned United States Magistrate Judge by the Honorable Rodney Smith, United States District Judge (ECF No. 3). I previously recognized that Movant appeared to base his request for relief on the law of *error coram nobis* rather than the law of *habeas corpus*, and thus ordered supplemental briefing from the Parties (ECF No. 26). The government filed a Supplement (ECF No. 33), and Movant filed a Response addressing his request for relief under *coram nobis* (ECF No. 29), as well as a Response to the government's supplemental briefing, as he was given leave to do (ECF No. 39). Having reviewed the Motions, the docket, and being otherwise duly advised in the matters, the undersigned hereby **RECOMMENDS** that the Motions be **DENIED**, and Movant's claims be **DISMISSED** with prejudice.

I.  **BACKGROUND**

On July 12, 2018, Mezey was charged by a one-count Indictment with impersonating an official or employee of the United States in violation of 18 U.S.C. § 912 (CRDE No. 6).[1]  On September 6, 2018, a grand jury in the Southern District of Florida charged Mezey by a two-count Superseding Indictment, with one count of impersonating an official or employee of the United States in violation of 18 U.S.C. § 912 and one count of making a false statement to a government agency in violation of 18 U.S.C. § 1001(a)(2) (CRDE No. 39).

United States Magistrate Judge Andrea Simonton found Mezey incompetent to stand trial following a competency hearing held on October 21, 2018 (CRDE No. 60), based on Dr. Lisa Feldman's evaluation and opinion that Mezey was not competent to stand trial (CRDE No. 58). Judge Simonton took note of Dr. Feldman's opinion that restoration of Mezey's competency might be possible with treatment and committed him to the Federal Medical Center in Butner, North Carolina for that purpose (CRDE No. 60).  Indeed, several months later on March 30, 2019, the acting warden of the medical center issued a certificate of Mezey's restoration of competency, as supported by the evaluation of Dr. Robert E. Cochrane, who concluded Mezey was competent to stand trial, as Mezey understood the charges against him, consequences thereof, and could aid his attorney in his defense (ECF No. 17-5; 23 at 23-24; 27).  The Parties subsequently stipulated to Mezey's restoration of competency, and United States Magistrate Judge Jacqueline Becerra found Mezey competent to stand trial on July 8, 2019 (CRDE No. 80).

On September 10, 2019, Mezey was charged by Superseding Information with one count of assaulting, resisting, or impeding a federal officer in violation of 18 U.S.C. § 111 and one count

---

[1] Citations to pleadings in this proceeding will be referred to as "ECF No." followed by the appropriate docket entry number, while docket entries in Case No. 18-CR-20599-SMITH, Mezey's underlying federal criminal case, will be referred to as "CRDE No." followed by the appropriate docket entry number.

of possession of an official badge, identification card, or other insignia in violation of 18 U.S.C. § 701 (CRDE No. 93). On September 16, 2019, the government and Mezey, then represented by counsel, entered into a plea agreement—in exchange for Mezey's guilty plea, the government agreed to recommend a sentence of credit for time served and stipulated that it would not request a term of supervised release if Mezey was appointed a guardian under Florida Law (CRDE No. 101). Mezey entered his guilty plea for his violations of § 111 and § 701 (ECF No. 98), and on December 19, 2019, Judge Smith sentenced him to time served plus one day of supervised release, dismissing all other charges (CDRE No. 109).[2]

Mezey then filed an Amended Motion to Vacate under 28 U.S.C. § 2255 on August 17, 2020, arguing that his conviction should be vacated as null and void because he was incompetent at the time he entered into the plea agreement and, further, his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel failed to argue that he was incompetent to enter into such a plea agreement (ECF No. 9 at 5). Just over one month later, Mezey filed a Motion for Injunctive Release, contending that, by virtue of a Baker Act ruling, a Florida state judge and the administration of the South Florida State Hospital were interfering with his Motion to Vacate by, in part, preventing him from attending a future court date on the Motion to Vacate (ECF No. 12); no hearing was scheduled on Mezey's Motion. According to Mezey, the state judge in question (who is an Administrative Law Judge ("ALJ") with the Florida Division of Administrative Hearings) found him to be mentally incapacitated; he attached a Final Order from the ALJ, which reflects that Mezey was placed at a treatment facility in March 2020, and following an August 25, 2020 hearing, the ALJ determined that Mezey should remain at the facility as an involuntary patient until February 24, 2021 (ECF No. 12).

---

[2] At the time of the Sentencing Hearing, Mezey had not yet been appointed a guardian, but a petition was filed with the State of Florida.

Following Mezey's Motion for Injunctive Release, the undersigned ordered the government to respond and identify whether, among other things, Mezey was serving a sentence imposed by this Court (ECF No. 13). In response, the government confirmed—consistent with the information offered by Mezey in his Motion for Injunctive Release—that Mezey was in the custody of the State of Florida in a mental health treatment facility and was *not* in federal custody nor serving a sentence imposed by this Court (ECF No. 14). Accordingly, in its Answer in Opposition to Mezey's Motion to Vacate, the government argued that Mezey's claim for relief under 28 U.S.C. § 2255 was procedurally barred for the same reason: Mezey's federal sentence was completed, including his supervised release, and thus he was not in federal custody as required to proceed with a § 2255 claim (ECF No. 17). Even so, the government further argued that Mezey's substantive competency claim lacked merit because (1) Dr. Cochrane found him to be competent; (2) the parties stipulated to his competence when entering into the plea agreement; and (3) Mezey offered no evidence to support the claim that he was incompetent at the time of the plea agreement (*id.*). The government filed Dr. Cochrane's evaluation under seal (ECF No. 23); Mezey then moved to compel the government to additionally file the original evaluation by Dr. Feldman, which found him incompetent to stand trial, as well as an evaluation by Dr. Michael DiTomasso[3] (ECF No. 24), both of which the government filed under seal (ECF Nos. 37-1; 37-2).

As discussed fully in the Order Requiring Supplementation, Mezey's claim for relief under 28 U.S.C. § 2255 is fundamentally deficient, as only a "prisoner *in custody* under sentence of a [federal] court" may file such a motion, which necessarily requires the movant to be in custody

---

[3] Dr. DiTomasso evaluated Mezey on July 14, 2019—after Dr. Cochrane's evaluation but before the Parties stipulated to Mezey's competence when entering into the plea agreement—upon referral by the Federal Public Defender's office in Miami. Dr. DiTomasso opined on Mezey's mental health diagnoses, how those impacted his ability to understand his crimes, and the support he would require upon release from incarceration, but Dr. DiTomasso did *not* offer his opinion on Mezey's competency to stand trial (ECF No. 37-2).

and still serving his sentence at the time he files his motion (ECF No. 26 (citing *Williams v. United States*, 785 F. App'x 710, 712 (11th Cir. 2019)). Nevertheless, in light of the duty to construe a *pro se* litigant's assertions liberally, I construed Mezey's pleading as a petition for a writ of *coram nobis* and directed the Parties to supplement their briefing in line with this finding (*id.*). This Report and Recommendation follows.

    **II.    ANALYSIS**

        **a.  Writ of Error Coram Nobis Under the All Writs Act, 28 U.S.C. § 1651(a)**

Convicted persons no longer in custody may petition a federal court for a writ of error *coram nobis* under the All Writs Act, 8 U.S.C. § 1651(a). *United States v. Johnson*, No. 20-11722, 824 F. App'x 873, 874 (11th Cir. Aug. 26, 2020). The writ of error *coram nobis* is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Id*. Unlike a motion to vacate under 28 U.S.C. § 2255, "[a] writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody." *Id*. (citing *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002)).

The bar for granting a petition for a writ of error *coram nobis* is high. *Id*. It is appropriate when: (1) "there is and was no other available avenue of relief;" and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Id*. (internal quotation marks omitted). "Stated another way, a writ of *coram nobis* is properly used to challenge a judgment that was infirm at the time it was rendered for reasons later coming to light. . . ." *Ramdeo v. United States*, 760 F. App'x 900, 903 (11th Cir. 2019). Jurisdictional error is by its nature of such a "fundamental character" as to render proceedings irregular or invalid. *Peter*, 310 F.3d at 715 ("Accordingly, a writ of error *coram nobis* must issue to correct the judgment that the court never

5

had power to enter."). "Further, the Eleventh Circuit has also made clear that *coram nobis* relief is available only if the petitioner presents sound reasons for failing to seek relief earlier." *Ghelichkhani v. United States*, No. 07-80125-CR, 2017 WL 6597550, at *3 (S.D. Fla. Sept. 26, 2017), *report and recommendation adopted*, No. 07-CR-70125, 2017 WL 6597977 (S.D. Fla. Oct. 30, 2017), *aff'd*, 740 F. App'x 978 (11th Cir. 2018).

Cases identifying the types of claims brought successfully using *coram nobis* as vehicle are few. In *United States v. Morgan*, 346 U.S. 502 (1954), the United States Supreme Court affirmed the lower court's reversal of a district court's denial of writ of *coram nobis*. There, the petitioner sought to vacate his conviction because he did not intelligently waive his right to trial counsel. *Id*. at 512. The Court explained that a "a federal trial without competent and intelligent waiver of counsel bars a conviction of the accused. Where it cannot be deduced from the record whether counsel was properly waived, we think, no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extraordinary writ of *coram nobis* must be heard by the federal trial court." *Id*.

*Coram nobis* relief was also found appropriate in *United States v. Peter*. 310 F.3d 709. Petitioner there claimed that the facts supporting his guilty plea did not constitute an offense in light of a Supreme Court case decided after his sentence had expired. *Id.* at 711. The appellate court found that, "Peter's innocence of the charged offense appears from the very allegations made in the superseding information, not from the omission of an allegation requisite to liability," and ruled as a consequence that the district court lacked jurisdiction to accept a guilty plea to a "non-offense." *Id*. at 715. A writ of error *coram nobis* may also be justified following a dispositive and retroactive change in the law. *See, e.g.*, *Ramdeo v. United States*, No. 12-80226-CR, 2017 WL

6611047, at *4 (S.D. Fla. Oct. 11, 2017), *report and recommendation adopted*, No. 12-80226-CR, 2017 WL 6607400 (S.D. Fla. Nov. 14, 2017), *aff'd*, 760 F. App'x 900 (11th Cir. 2019).

On the other hand, the Eleventh Circuit found in *United States v. Mills*, 221 F.3d 1201 (11th Cir. 2000), that *coram nobis* was unavailable for a movant offering newly discovered evidence to show that the jurors improperly considered extrinsic evidence. Likewise, in *Moody v. United States*, 874 F.2d 1575, 1577 (11th Cir. 1989), the Eleventh Circuit held that "[a] claim of newly discovered evidence relevant only to the guilt or innocence of the petitioner is not cognizable in a *coram nobis* proceeding."

As I noted in my prior Order, the government's additional task in its supplemental briefing was to address whether an evidentiary hearing is required in this matter, particularly where Mezey relies on the evaluations of three doctors in support of his competency claim. *See, e.g.*, *United States v. Bejacmar*, 217 F. App'x 919, 920 (11th Cir. 2007) (recognizing that The All Writs statute does not entitle every applicant to an evidentiary hearing; "if the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim. However, if the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous, a district court is not required to hold an evidentiary hearing.").

The government first notes, with regard to the requirement for *coram nobis*, that there be no other available avenue for relief to the movant and that Mezey did not directly appeal his sentence post-conviction, but it also concedes that, under § 2255 claims at least, substantive competency claims are not subject to procedural default for failure to raise on appeal (ECF No. 33 at 6 (citing *Battle v. United States*, 419 F.3d 1292, 1298 (11th Cir. 2005)). The government argues that Mezey's chief deficiency is with regard to the second prong, which requires the error in

question to involve "a fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid" (*id.* (quoting *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000)). Drawing again from the standard set by § 2255, the government cites Eleventh Circuit precedent necessitating that a petitioner raising a substantive incompetency claim present "clear and convincing evidence creating a real, substantial, and legitimate doubt about his competence to stand trial," and the facts offered "must positively, unequivocally, and clearly generate legitimate doubt" (*id.* (citing *Battle*, 419 F.3d at 1298-99)). According to the government, Mezey has failed to clear what is a very high bar; Dr. Cochrane's evaluation—to which the Parties stipulated before Judge Becerra—found Mezey's competency restored, Dr. DiTomasso did not opine as to Mezey's competency to stand trial, and Mezey has no other evidence in support of his claim that he was incompetent at the time he entered into his plea agreement, nor at the time he was sentenced by the Court. For these reasons, says the government, Mezey's claim should be denied with no evidentiary hearing.

    I agree that Mezey has not met his burden here to sustain a claim of error *coram nobis*, as he fails to advance facts warranting relief. While Mezey avers in his supplemental briefing that the guardianship clause in his plea agreement was in contravention of the law and that the United States Marshals engaged in tortious interference preventing his evaluation while in custody prior to his sentencing, his factual assertions are unequivocally contradicted by the record, which reveals he was evaluated—and treated—before sentencing (ECF No. 29). Likewise, the evaluation by Dr. DiTomasso does not contradict Dr. Cochrane's finding that Mezey's competency had been restored, given that Dr. DiTomasso did not opine on Mezey's competency at all; though it is true his evaluation focused on Mezey's mental health diagnoses, it did so with an eye toward the support services Mezey would require upon release. Mezey argues in his response to the

government's supplemental briefing that certain mental conditions described by Dr. DiTomasso precluded Mezey from providing the type of assistance to counsel that a competent individual would necessarily be able to provide (ECF No. 39), but, again, Dr. DiTomasso did not find that, as a matter of fact, Mezey was incompetent at the time.

The fact remains that Mezey, represented by counsel, entered into the plea agreement, which he was deemed competent to do. I can find no facts that give rise to real, substantial, and legitimate doubt that Mezey was not legally competent at the time he entered into the plea agreement, and thus cannot find that the extraordinary remedy of *coram nobis* would be appropriate here. *See Johnson*, 824 F. App'x at 874. Accordingly, I find an evidentiary hearing on this matter would not be warranted and **RECOMMEND** that Mezey's Motion to Vacate his sentence be **DENIED**, without hearing.

### b. Motion for Injunctive Release

Mezey has also requested that the Court order his release from the custody of the state hospital to which he was committed so that he may prepare for and attend an evidentiary hearing before this Court on his claim to vacate his sentence. (ECF No. 12). Mezey argues that precluding him from preparing for the hearing would be a violation of his constitutional rights (*id.*). Because I am recommending that Mezey's Motion to Vacate be denied without an evidentiary hearing, however, I similarly **RECOMMEND** that Mezey's Motion for Injunctive Release be **DENIED**.

### III. CONCLUSION

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodney Smith, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District

Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** this 14th day of May, 2021, in Miami, Florida.

HON. LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies Furnished To:
The Honorable Rodney Smith
Counsel of Record
*Pro Se* Movant